Filed 9/16/16  P. v. Lucero CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063361 |
| v. | (Super.Ct.No. RIF123822) |
| NATHAN LEE LUCERO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Craig G. Riemer, Judge. Affirmed with directions.

Richard de la Sota, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Lynne G. McGinnis, and Kristine A. Gutierrez, Deputy Attorneys General, for Plaintiff and Respondent.

Following a second resentencing hearing, defendant and appellant Nathan Lee Lucero is serving a life term without the possibility of parole after being convicted as an adult for a crime he committed when he was 17 years old – first-degree murder with special circumstances. In this appeal, defendant argues the trial court committed reversible error when it sentenced him: (1) in his absence; and (2) without regard to the standards established by the U.S. Supreme Court in *Miller v. Alabama* (2012) 567 U.S. ___ [132 S.Ct. 2455, 183 L.Ed.2d 407](*Miller*). Defendant further argues the presumption for a life sentence without parole under Penal Code section 190.5,[1] which was reinforced by California case law at the time of sentencing, has since been rejected by the California Supreme Court in *People v. Gutierrez* (2014) 58 Cal.4th 1354. The People largely concede each of these points. For the reasons discussed below, the trial court is directed to hold a third resentencing hearing, at which appellant has the right to be present and the trial court must consider the factors set forth in *Miller*, giving no presumption to the option for a sentence of life without parole.

## FACTS[2] AND PROCEDURE

In 2003, defendant's father, who was a gang member, shot the victim during a drug deal. The victim survived and testified against defendant's father and two

---

[1] Section references are to the Penal Code except where otherwise indicated.

[2] The description of the crime is adapted from the statement of facts in this Court's opinion in case number E053314 [filed March 13, 2013, nonpub opn.], which is the first appeal by defendant and his codefendant. Further references to this opinion are designated "Opn." This court takes judicial notice of the records in defendant's prior cases, E053314, E058986, and E062587 in an order filed January 26, 2016.

codefendants. All three were convicted. Defendant's father was sentenced to 57 years to life in prison.

On February 17, 2006, the victim and another person went to the trailer home of a woman who was a friend of theirs and of defendant. Drugs were frequently sold and used at the home. Although the victim avoided visiting that friend when he knew defendant would be present, he went that day because he called the residence and was told it was ok to come over. When they got to the home, the victim saw defendant, several gang members and a gun. He told his friend that they should leave and both men ran. Defendant followed, along with his codefendant and another gang member. Shots were fired, hitting the victim in the back, buttocks and right arm. The victim died from the gunshot wounds. It was never determined which man fired the shots that killed the victim.

A jury convicted defendant and his codefendant of active participation in a criminal street gang (Pen. Code, § 186.22, subd. (a)) and first degree murder (§ 187, subd. (a)), finding that the latter was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)), that a principal violated section 186.22, subdivision (b) and a principal personally discharged a firearm causing death (§ 12022.53, subd. (e)), that the victim was a witness to a crime and was intentionally killed in retaliation for his testimony (§ 190.2, subd. (a)(10)), that the victim was killed by means of lying in wait (§ 190.2, subd. (a)(15)) and that the victim was killed while defendants were active

participants in a criminal street gang (§ 190.2, subd. (a)(22)). Both were sentenced to prison for life without the possibility of parole, plus 25 years to life.

Defendant and his codefendant appealed, and on March 13, 2013, this Court reversed the conviction for active participation in a street gang and the true findings on the gang enhancements and special circumstances allegation, and remanded to the trial court for resentencing.

At defendant's first resentencing, on July 16, 2013, the trial court again sentenced defendant to life without the possibility of parole, but without the additional term of 25 years to life.

On August 29, 2013, in case number E058986, this Court granted defendant's pro per petition for writ of habeas corpus on the ground that the trial court was unaware that it had discretion to sentence appellant to either life without the possibility of parole or to a term of 25 years to life in prison pursuant to section 190.5. The case was remanded to the trial court for a second resentencing hearing, which is the subject of this appeal.

At the second resentencing hearing on January 31, 2014, defendant was not present but was represented by counsel. The court again sentenced defendant to life in prison without the possibility of parole.

This appeal followed.

## DISCUSSION

Defendant argues, and the People concede, that this case should be remanded to the trial court for a new sentencing hearing. At the hearing, the court should consider the

4

factors set forth in *Miller* in determining the appropriate sentence for defendant. The court should do so without applying a presumption in favor of life without the possibility of parole.  Finally, defendant has the right to be present at this resentencing hearing.

As discussed above, defendant, who was 17 years old at the time of the murder, was sentenced to life without the possibility of parole (LWOP).  (§ 190.5, subd. (b).)[3] Later the same year in which defendant was resentenced for the second time, the California Supreme Court considered the constitutionality of LWOP sentences imposed under section 190.5 in light of *Miller*.  (*Gutierrez, supra,* 58 Cal.4th 1354.)  Our high court disapproved prior case law (*People v. Guinn* (1994) 28 Cal.App.4th 1130, 1142; *People v. Murray* (2012) 203 Cal.App.4th 277, 282; *People v. Blackwell* (2011) 202 Cal.App.4th 144, 159; *People v. Ybarra* (2008) 166 Cal.App.4th 1069, 1089) which construed the statute as establishing a presumption that LWOP is the appropriate term for a 16- or 17- year-old defendant.  (*Gutierrez*, *supra*, at p. 1387.)  Instead, it adopted a construction of section 190.5, subdivision (b), that found the statute to be constitutional. (*Gutierrez*, *supra*, at p. 1387.)  It held that section 190.5, subdivision (b), properly construed, "confers discretion on the sentencing court to impose either life without parole or a term of 25 years to life on a 16- or 17-year-old juvenile convicted of special

---

[3]  "The penalty for a defendant found guilty of murder in the first degree, in any case in which one or more special circumstances . . . has been found to be true . . . who was 16 years of age or older and under the age of 18 years at the time of the commission of the crime, shall be confinement in the state prison for life without the possibility of parole or, at the discretion of the court, 25 years to life."  (§ 190.5, subd. (b).)

circumstance murder, with no presumption in favor of life without parole." (*Gutierrez*, *supra*, at p. 1387.)

The California Supreme Court further held that *Miller* requires a trial court, in exercising its sentencing discretion, to consider the "'distinctive attributes of youth' discussed in *Miller* and how those attributes 'diminish the penological justifications for imposing the harshest sentences on juvenile offenders.' [Citation.]" (*Gutierrez*, *supra*, 58 Cal.4th at p. 1390.) The court outlined certain factors, including the juvenile offender's age, family and home environment, the circumstances of the homicide offense, incompetencies associated with youth, and the possibility of rehabilitation, which the sentencing court must consider. (*Id*. at pp. 1387-1390.)

Because section 190.5, subdivision (b), authorizes and requires consideration of the distinctive attributes of youth identified in *Miller*, the California Supreme Court concluded that section 190.5, subdivision (b), is not unconstitutional. (*Gutierrez*, *supra*, 58 Cal.4th at p. 1387.)

Here, the People concede that "it is unclear whether [the trial court] considered the *Miller* factors in addition to the sentencing factors set forth in the California Rules of Court in imposing sentence . . . ." We agree with defendant that the trial court read section 190.5 as directing it to effectively disregard the *Miller* factors relating to defendant's youth, in favor of the sentencing factors applicable to adults set forth in California Rules of Court, rules 4.421 (circumstances in aggravation ) and 4.423 (circumstances in mitigation), and in Penal Code section 190.3. The trial court stated:

"But *age alone isn't really the relevant factor here* because what the law says is that this choice that I have really only applies to defendants who are either 16 or 17 at the time that the murder is committed.  So for the entire universe of people for whom this decision has to be made, they're all young.  *So age doesn't get me very far in the analysis*.  I have to determine from looking at the criteria described in Rule of Court 4.421 and 4.423 and in Penal Code section 190.3 whether that second chance should be given to Mr. Lucero."

The court then went on to specify and consider the criteria in the above Rules of Court and Penal Code section 190.3, before reiterating:  "[A]s I indicated, this – the choice that I have applies only to 16- and 17-year-olds *so his age is really not a significant factor.*  As the parties agree, this interpretation of section 190.5 is directly at odds with *Miller*'s mandate to consider defendant's youth and its attributes when imposing the sentence.  For this reason, remand for a third resentencing hearing is required.[4]

Remand is required also because the trial court followed case law existing at that time, since disapproved of by the California Supreme Court in *Gutierrez.*  That case law interpreted section 190.5 as establishing that the presumptive sentence is life without the

---

[4] After briefing was completed in this case, the California Supreme Court issued its opinion in *People v. Franklin* (2016) 63 Cal.4th 261.  The Court concluded that the availability of a youth offender parole hearing after no more than 25 years of confinement, as provided by section 3051, fulfills the requirements of *Miller*.  However, section 3051 specifies in subdivision (h) that it does not apply to youths sentenced to life without the possibility of parole, and so the ruling in *Franklin* does not change the outcome of this appeal.

possibility of parole for a special circumstances murder committed by a 16- or 17-year-old. The trial court stated: "California case law provides or – the choice, that sentencing choice is provided by Penal Code Section 190.5 subdivision (b) which says that a . . . defendant who was 16 or 17 years old at the time that the offense was committed shall be sentenced to state prison . . . without the possibility of parole or, in the Court's discretion, state prison for 25 years to life. *California case law indicates that the presumptively appropriate term is life without the possibility of parole and that the Court must have good cause in order to sentence a defendant who is convicted of first-degree murder with special circumstances to 25 years to life instead.*

Finally, the parties agree that defendant has the right to be present at his resentencing, and this court agrees. (*People v. Hines* (1997) 15 Cal.4th 997, 1038-1039; §977, subd. (b)(1).) We are not aware that defendant executed a valid waiver form, and so the trial court's decision not to transport him for his resentencing – "[I]n view of the fact that the resentencing today could only benefit him, the court did not deem it necessary to have him transported here today from the other end of the state" – must be rectified at his third resentencing.

## DISPOSITION

Affirmed with directions to the trial court to hold a third resentencing hearing. At the hearing, the trial court must fully consider the factors set forth in *Miller* to choose a sentence under section 190.5, without a presumption for life without the possibility of parole. The court must also allow defendant to be present.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
              P. J.

We concur:

HOLLENHORST
           J.

SLOUGH
           J.